**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| PAUL SIMIEN, for himself and all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>BAYBROOK VILLAGE, BAYBROOK ASSOCIATES, LP, BAYBROOK GARDENS ASSOCIATES, LLC, HG BAYBROOK TWO ASSOCIATES, LP, HG BAYBROOK TWO ASSOCIATES, LLC, MOSAIC BAYBROOK ONE, LP, MOSAIC BAYBROOK TWO, LP, AND MOSAIC RESIDENTIAL, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 4:17-cv-857<br><br>Complaint filed: February 6, 2017<br><br>(Removed from the District Court of Harris County, State of Texas, Case No. 2017-08379) |

**NOTICE OF REMOVAL OF ACTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT UNDER 28 U.S.C. §§ 1332(d) and 1453**

Pursuant to 28 U.S.C. §§ 1332(d), 1446, and 1453 Defendant Baybrook Gardens Associates, LLC ("Baybrook Gardens"), hereby gives notice of the removal of this civil action captioned *Paul Simien, et al. v. Baybrook Village, et al.*, Case No. 2017-08379, from the District Court of Harris County, State of Texas, to the United States District Court for the Southern District of Texas. In support of this Notice of Removal, Baybrook Gardens states as follows:

## I. GROUNDS FOR REMOVAL—CLASS ACTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT ("CAFA") (28 U.S.C. § 1332(d))

1. Defendant Baybrook Gardens removes the above-entitled state court action to this Honorable Court pursuant to 28 U.S.C. §§ 1332(d), 1446, and 1453 because this action is subject to CAFA removal as a civil class action involving an amount in controversy exceeding five million dollars ($5,000,000), exclusive of interest and costs, whereby the number of members of

the proposed plaintiff class exceeds 100 or more members and at least one member of the plaintiff class is diverse from at least one defendant. *See* 28 U.S.C. § 1332(d) (providing that district courts have original jurisdiction over class actions where: (1) the matter in controversy exceeds the sum of $5,000,000, exclusive of interest and costs, § 1332(d)(2); (2) any member of a class of plaintiffs is a citizen of a State different from any defendant, § 1332(d)(2)(A); and (3) the number of members of all proposed plaintiff classes in the aggregate exceeds 100, § 1332(d)(5)).

## II. PLEADINGS, PROCESS, AND REQUIREMENTS FOR REMOVAL

2. On or about February 6, 2017, Plaintiff Paul Simien ("Plaintiff") commenced this civil action by filing an Original Class Action Petition ("Petition"), assigned Case Number 2017-08379, in the District Court of Harris County, State of Texas, a court within this judicial district and division. On February 16, 2017, Plaintiff caused to be served upon defendant HG Baybrook Two Associates, LP through its registered agent for service of process, CT Corporation System, a copy of the Petition and Summons, which are attached collectively to this Notice of Removal as Exhibit 1. On same date, defendant Baybrook Gardens received a copy of the Petition via email notification, whereby February 16, 2017 is the earliest date upon which Baybrook Gardens may have received a copy of the initial pleading.

3. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within thirty (30) days after the receipt by Baybrook Gardens, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action is based.

4. Removal of this action to the Houston Division of the United States District Court for the Southern District of Texas is proper, as this case is pending in the District Court of Harris

County, State of Texas which is embraced within the Houston Division. *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 124(b)(2).

5. Written notice of the filing of this Notice of Removal ("Notice of Filing Notice of Removal of Action") will be given promptly to Plaintiff, and a copy of the Notice of Filing Notice of Removal of Action will be filed with the Clerk of the District Court of Harris County, State of Texas, as required by 28 U.S.C. § 1446(d).

6. Pursuant to 28 U.S.C. § 1446(a), copies of all process and pleadings served upon Defendant in this action are collectively attached to this Notice of Removal as Exhibit 1. Pursuant to the Local Rules of the Southern District of Texas, Rule 81, copies of all pleadings asserting causes of action and all answers to such pleadings are collectively attached to this Notice of Removal as Exhibit 2.

## III. THE REQUIREMENTS OF CAFA REMOVAL ARE MET

### A. There Is Minimal Diversity of Citizenship

7. This action is between multistate parties satisfying the minimal diversity of citizenship requirement under CAFA. Minimal diversity of citizenship exists under CAFA in the following circumstances: (1) any member of a class of plaintiffs is a citizen of a state different from any defendant; (2) any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a state; or (3) any member of a class of plaintiffs is a citizen of a state and any defendant is a foreign state or a citizen or subject of a foreign state. 28 U.S.C. § 1332(d)(2). A corporation for purposes of CAFA removal is considered a citizen of any state in which it is incorporated and in which it has its principal place of business. 28 U.S.C. § 1332(c)(1). Similarly, an unincorporated association is deemed a citizen

of the state where it has its principal place of business and the state under whose laws it is organized. 28 U.S.C. § 1332(d)(10).

8. Plaintiff is a citizen of the State of Texas. (*See* Petition, ¶ 3).

9. Plaintiff brings his claim for relief on behalf of himself and the proposed class defined as follows: "All Texas residents who, within the four years preceding the date this case was filed, (i) are or were tenants at Baybrook Village apartment house in Harris County, Texas, and (ii) were charged and paid a "Water/Sewer Base Fee" in excess of $20." (*See* Petition, ¶ 29). Consequently, Plaintiff seeks to limit class certification to members of a class containing only Texas citizens.

10. Baybrook Gardens is a Virginia Limited Liability Company with its principal place of business located in Norfolk, Virginia. (Exhibit 3, Declaration of Michael Belka ("Belka Decl."), ¶ 2); *see Hertz Corp. v. Fri*end, 559 U.S. 77, 80-81 (2010) (holding "the phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities"). Consequently, Baybrook Gardens is not organized under Texas state laws and does not maintain its principal place of business in Texas. Baybrook Gardens is therefore a citizen of the State of Virginia. *See* 28 U.S.C. § 1332(d)(10) ("an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized").

11. No change in the citizenship of Baybrook Gardens has occurred since the commencement of the state court action. Therefore, Plaintiff and the proposed class is of a different citizenship of Baybrook Gardens and minimal diversity of citizenship exists, thereby satisfying the first requirement of 28 U.S.C. § 1332(d)(2) for CAFA removal.

**B. The Amount In Controversy Exceeds $5,000,000**

12. Under 28 U.S.C. § 1332(d)(2), district courts have original jurisdiction over class actions where the matter in controversy exceeds the sum of $5,000,000, exclusive of interest and costs. The amount in controversy is determined from the allegations or prayer of the complaint. *See St. Paul Mercury Indemnity. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). The removing party must prove by a preponderance of the evidence that the amount in controversy exceeds $5,000,000. *See Delgado v. Shell Oil Co.*, 231 F.3d 165, 178 n.25 (5th Cir. 2000); *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 921-22 (5th Cir. 1997); *Werner v. KPMG LLP*, 415 F. Supp. 2d 688, 694 (S.D. Tex. 2006). When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. 28 U.S.C. § 1446(c)(2); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 503, n.1 (2014) (applying § 1446(c)(2) to CAFA case and quoting *Frederick v. Hartford Underwriters Ins. Co.*, 683 F.3d 1242, 1247 (10th Cir. 2012) for proposition there is no logical reason to demand more from CAFA defendant than from other parties invoking federal jurisdiction). If the amount in controversy is not facially apparent from the complaint, the court should then look to the notice of removal. *Id.* at 553 ("when a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court").

13. The Supreme Court has stated that "the Federal courts should not sanction devices intended to prevent a removal to a Federal court where one has that right, and should be equally vigilant to protect the right to proceed in the Federal court as to permit the state courts, in proper cases, to retain their own jurisdiction." *Grassi v. Ciba-Geigy, Ltd.*, 894 F.2d 181, 183 (5th Cir. 1990) (quoting *Wecker v. Nat'l Enameling & Stamping Co.*, 204 U.S. 176, 186 (1907)).

Otherwise, "[a] diverse plaintiff could defeat federal jurisdiction simply by drafting his pleadings in a way that did not specify an approximate value of the claims and thereafter provide the defendant with no details on the value of the claim." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 766 (11th Cir. 2010). The Fifth Circuit holds that federal district courts have both the authority and responsibility to examine the motives behind artful pleading because "jurisdictional rules may not be used to perpetrate a fraud or ill-practice upon the court by either improperly creating or destroying diversity jurisdiction. Were that to occur, we would not elevate form over substance but would accomplish whatever piercing and adjustments considered necessary to protect the court's jurisdiction." *Grassi*, 894 F.2d at 185 (quoting *Panalpina Welttransport GMBH v. Geosource, Inc.*, 764 F.2d 355 (5th Cir.1985)).

**(i) Amount In Controversy Exceeds $5,000,000 For Plaintiff's Claims For Damages Arising From Allegations Of Unauthorized Water and Wastewater Overcharges**

14. "In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6); *see, e.g.*, *Cappuccitti v. DirecTV, Inc., 623 F.3d 1118, 1122* (11th Cir. 2010) (district court had subject matter jurisdiction over class action brought on behalf of over 100 persons whose claims, in aggregate, exceeded $5 million, even though no single plaintiff's claim exceeded $75,000).

15. Here, removability of this action is supported from the face of the Petition. Plaintiff alleges the following:

a. "Subject to the ultimate size of the class certified, Plaintiff seeks to recover monetary relief exceeding $1,000,000 for the putative Class." (Petition, ¶ 12).

b. "It is believed that since at least 2013, Defendants have used and continue to use uniform policies and practices to charge and collect from Simien and other

Class members… the unauthorized water and wastewater charges and surcharges at issue in this case." (Petition, ¶ 17).

c. "Rather than complying with the applicable rules, Defendants used water and wastewater as a profit center in direct contravention of the Water Code Statute and PUC Rules. Defendants were billed less than $20 per unit per month as a water and sewer base charge by the public utility Harris County Municipal Utility District No. 55 ("MUD No. 55"). Defendants turned around and doubled the amount of the per unit water and sewer base charge from MUD No. 55 and billed Simien $36.71 per month, resulting in a monthly overcharge of at least $16.71. Defendants then allocated additional water and sewer costs, and added those allocated costs on top of the $36.71. . . ." (Petition, ¶ 24).

d. "In total, Simien routinely paid over $50 per month for water and sewer. His actual costs should have been approximately $17.00 less than that. These unlawful monthly overcharges for water and sewer by Defendants add over $200 to Simien's annual water/wastewater costs." (Petition, ¶ 25).

e. "On information and belief, each Class Member has suffered the same overcharges, and, on information and belief, Defendants' overcharging practice has added hundreds of thousands of dollars of illicit profit to Defendants' bottom-line. (Petition, ¶ 26).

f. "Baybrook Village apartments has over 700 units. Given the length of the class period alleged, the Class is believed to include over one thousand Class members. The Class is so numerous and spread out across the State of Texas that joinder of all members is likely impracticable." (Petition, ¶ 33).

16. Plaintiff brings the claims for relief alleged in the Petition on behalf of himself and a proposed class defined as follows:

> All Texas residents who, within the four years preceding the date this case was filed, (i) are or were tenants at Baybrook Village apartment house in Harris County, Texas, and (ii) were charged and paid a "Water/Sewer Base Fee" in excess of $20.
>
> The following persons are excluded from the Class:
>
> (i) the judge(s) assigned to this case and his or her staff;
> (ii) governmental entities;
> (iii) Defendants and their affiliates; and
> (iv) persons who have previously released Defendants of the claims raised by this case.

(Petition, ¶ 29.)

17. Plaintiff requests the following relief: "As provided by TEX. WATER CODE §13.505, Simien and the Class seek recovery of statutory damages equal to three times the amount of all overcharges, a civil penalty of one month's rent for each Class member for each violation, reasonable attorneys' fees, prejudgment and post judgment interest at the highest rate allowed by law, and costs of court." (Petition, ¶ 50).

18. Although Plaintiff fails to allege an exact amount of damages, on the face of the Petition, the aggregate recovery sought by Plaintiff for himself and on behalf of the proposed Class would result in an amount in controversy exceeding $5,000,000, as described further below.

**(ii) Amount In Controversy Exceeds $5,000,000 Based On An Aggregation of the Class Members' Claims**

19. The Baybrook Village apartment complex consists of two joint properties, commonly referred to as Baybrook 1 and Baybrook 2, which collectively comprise a total of 768

residential units. (Belka Decl., ¶ 5; *see also* Petition, ¶ 33 [Baybrook Village apartments has over 700 units"]).

20. On or about March 4, 2015, Baybrook Gardens contracted to sell all interest in the Baybrook Village apartment complex property to co-defendant Mosaic Residential, Inc. ("Contract of Sale"). On information and belief, on or about March 4, 2015, Mosaic Residential, Inc. assigned and conveyed its interest in the Contract of Sale for the Baybrook Village apartment complex to co-defendants Mosaic Baybrook One, LP and Mosaic Baybrook Two, LP. Whereas, on or about May 7, 2015, the entirety of the Baybrook Village apartment complex was conveyed to co-defendants Mosaic Baybrook One, LP and Mosaic Baybrook Two, LP. On information and belief, co-defendants Mosaic Baybrook One, LP and Mosaic Baybrook Two, LP have been and remain the current owner of the Baybrook Village apartment complex from May 7, 2015 through present day. (Belka Decl., ¶ 4).

21. As of April 30, 2015, which is the last data set in Baybrook Gardens' possession regarding the Baybrook Village apartment complex, 343 residential units of Baybrook 1 were occupied by tenants, resulting in a 93.2% occupancy rate. On this date, the average rent for a unit at Baybrook 1 was seven hundred forty one dollars ($741). (Belka Decl., ¶ 6).

22. As of April 30, 2015, which is the last data set in Baybrook Gardens' possession regarding the Baybrook Village apartment complex, 389 residential units of Baybrook 2 were occupied by tenants, resulting in a 95.3% occupancy rate. On this date, the average rent for a unit at Baybrook 2 was six hundred five dollars ($605). (Belka Decl., ¶ 7).

23. Plaintiff alleges that "each Class Member has suffered the same overcharges" of approximately $17.00 per month. (Petition, ¶¶ 25, 26). As such, the allegations indicate that

each class member was allegedly overcharged approximately two-hundred and four dollars ($204) per year. *Id.*

24. Plaintiff's proposed class members include current and former tenants of the Baybrook Village apartment complex "since at least 2013" through the date the instant case was filed (on or about February 6, 2017). (Petition, ¶¶ 17, 29). As such, the proposed Class, as defined in the Petition, spans a four (4) year time period. Plaintiff further alleges that "[g]iven the length of the class period alleged, the Class is believed to include over one thousand Class members." (Petition, ¶ 33).

25. Based on the allegations in the Petition and Baybrook Gardens' known occupancy rates in or around April 30, 2015, the amount in controversy exceeds $5,000,000 as follows:

- 4 year time span x $204 annual alleged overcharges = $816 total amount of alleged overcharges per tenant
- $816 x 3 = $2,448 [statutory damages per tenant, 3 times the amount of all overcharges per Tex. Water Code § 13.505]

**Baybrook 1**

$2,448 statutory damages x 343 tenants (Belka Decl., ¶ 6) x 4 years = $3,358,656

343 tenants x $741 (civil penalty of one month's rent at Baybrook 1) = $254,163

---

$3,358,656 (statutory damages) + $254,163 (civil penalty) = **$3,612,819 Total alleged damages of class members from Baybrook 1** (exclusive of interest and costs)

**Baybrook 2**

$2,448 statutory damages x 389 tenants (Belka Decl., ¶ 7) x 4 years = $3,809,088

389 tenants x $605 (civil penalty of one month's rent at Baybrook 2) = $235,345

---

$3,809,088 (statutory damages) + $235,345 (civil penalty) = **$4,044,433 Total alleged damages of class members from Baybrook 2** (exclusive of interest and costs)

**$3,612,819 (Baybrook 1) + $4,044,433 (Baybrook 2) =**

**Total Amount in Controversy of $7,657,252**

26. Accordingly, the amount in controversy of $7,657,252, exclusive of interest and costs, exceeds the sum of $5,000,000 and the amount in controversy requirement set forth in 28 U.S.C. § 1332(d)(2) is satisfied.

## IV. CONCLUSION

27. This Court has original jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1332(d) and 1453 because this action is subject to CAFA removal as a civil class action involving an amount in controversy exceeding five million dollars ($5,000,000), exclusive of interest and costs, whereby the number of members of the proposed plaintiff class exceeds 100 or more members and at least one member of the plaintiff class is diverse from at least one defendant. 28 U.S.C. § 1332(d). Baybrook Gardens has complied with the procedural requirements of 28 U.S.C. § 1446, the Federal Rules of Civil Procedure, and the Local Rules of the Southern District of Texas, Rule 81, which govern removal from state court.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

WHEREFORE, Baybrook Gardens respectfully removes the action captioned *Paul Simien, et al. v. Baybrook Village, et al.*, Case No. 2017-08379, from the District Court of Harris County, State of Texas, to the United States District Court for the Southern District of Texas.

Dated: March 17, 2017

Respectfully submitted,

**GORDON & REES, LLP**

By: /s/ Craig J. Mariam
CRAIG J. MARIAM
Attorney in Charge
State Bar No. 24063831
Southern District of Texas Bar No. 1458025
PHILIP ROBERT BRINSON
State Bar No.: 00787139
Southern District of Texas Bar No. 16803
1900 West Loop South, Suite 1000
Houston, Texas 77027
Telephone: (713) 490-4834
Facsimile: (877) 306-0043
E-Mail: cmariam@gordonrees.com
prbrinson@gordonrees.com

**ATTORNEYS FOR DEFENDANT BAYBROOK GARDENS ASSOCIATES, LLC**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing NOTICE OF REMOVAL OF ACTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT UNDER 28 U.S.C. §§ 1332(d) and 1453 has this date been served on all parties by depositing same in the United States Mail, with adequate postage affixed thereto, and addressed as follows:

R. Martin Weber, Jr.
Crowley Norman LLP
Three Riverway, Suite 1775
Houston, Texas 77056
Email: mweber@crowleynorman.com
***Counsel for Plaintiff and The Putative Class***

Britton D. Monts
The Monts Firm
401 Congress Ave., Suite 1540
Austin, Texas 78701-3851
Email: bmonts@themontsfirm.com
***Counsel for Plaintiff and The Putative Class***

Jason W. Snell
The Snell Law Firm, PLLC
Chase Tower
221 W. 6th Street, Suite 900
Austin, Texas 78701
Email: firm@snellfirm.com
***Counsel for Plaintiff and The Putative Class***

Russell S. Post
Karson Thompson
Beck Redded LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77010
Email: rpost@beckredden.com; kthompson@beckredden.com
***Counsel for Plaintiff and The Putative Class***

Dylan B. Russell
Hoover Slovacek LLP
Galleria Tower II
5051 Westheimer, Suite 1200
Houston, Texas 77056
Email: Russell@hooverslovacek.com

***Counsel for Defendants Baybrook Village, Mosaic Baybrook One, L.P., Mosaic Baybrook Two, LP and Mosaic Residential, Inc.***

Respectfully submitted this 17th day of March, 2017.

/s/ Craig J. Mariam
Craig J. Mariam